## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANNA WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21CV762 HEA** |
| | ) | |
| **WAL-MART STORES, EAST, L.P.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Reopen and/or Reconsider [Doc. No. 52]. For the reasons set forth below, Plaintiff's Motion to Reconsider will be denied, and this case will be dismissed.

### Background

Plaintiff Anna Williams filed this personal injury action against Defendant Wal-Mart Stores, East, L.P for Negligence (Count I) and Entitled Premises Liability (Count II). Plaintiff alleges she sustained serious, permanent and painful injuries to her head, neck, back, left shoulder, right shoulder, left elbow and left wrist after a bicycle fell on her at Defendant's store while its employee was removing the bicycle from an elevated shelf.

On November 1, 2022, Defendant filed its Motion for Partial Summary Judgment, requesting the Court to dismiss Plaintiff's claims for her left shoulder

injuries, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, proceeding pro se, did not respond to Defendant's Motion.

On January 9, 2023, this Court ordered Plaintiff to respond to Defendant's Motion within (7) days and warned failure to timely comply would result in Defendant's Motion being granted [Doc. No. 29]. On January 19, 2023, two days after the deadline for Plaintiff to respond had passed, Plaintiff filed a motion requesting additional time to respond. Plaintiff requested up to and including January 23, 2023 to respond, which the Court granted.

On January 26, 2023, the Court granted Defendant's Motion for Partial Summary Judgment for Plaintiff's failure to comply with the Court's Order [Doc. No. 32]. However, Defendant filed a Motion to Set Aside the Court's Order, raising concerns that Plaintiff, who is proceeding pro se, may not have received its motion to timely respond. Defense Counsel explained he had recently been in contact with Plaintiff to assure she had received its Motion. Defendant requested the Court set aside its Order dated January 26, 2023, and allow Plaintiff until February 15, 2023 to respond to the motion. The Court granted Defendant's Motion to set aside and ordered Plaintiff to respond by February 15, 2023. The parties were further ordered to file a status report no later than February 22, 2023, regarding the trial set for March 13, 2023.

On February 22, 2023, Defendant filed a status report that it would be ready

2

for trial set March 13, 2023. Defendant also advised that Plaintiff emailed Defense Counsel on February 15, 2023 at 11:29 P.M. that she was having trouble sending her response to him. Defense Counsel not only provided a link for her to upload it via email, but also sent a second email that she could deliver the paper copy to his office. Plaintiff did not respond. Nearly a week after her deadline, Plaintiff still had not filed her response or any other document with the Court. On February 27, 2023, the Court again granted Defendant's Motion for Partial Summary Judgment for Plaintiff's failure to comply with the Court's Order [Doc. No. 37].

On February 28, 2023, the Court set a status conference for March 7, 2023 regarding the upcoming trial. On March 7, 2023, counsel for Defendant was present, but Plaintiff did not appear as ordered. The Court dismissed the matter without prejudice for Plaintiff's failure to appear and failing to not abide by the Court Order to appear.

On March 15, 2023, Plaintiff filed a Petition, which the Court construed as a Motion to Reopen her case and Motion to Reconsider the Court's dismissal on March 7, 2023. The Court granted the motion to reopen the case and set a status conference on May 16, 2023 to hear the parties' arguments on the motion to reconsider. On May 16, 2023, counsel for Defendant and Plaintiff were present, each arguing in support of their respective positions.

**Legal Standard**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of a cause of action due to a plaintiff's failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The district's court exercise of this power is within the 'permissible range of its discretion' if there has been a clear record of delay or contumacious conduct by the plaintiff." *American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 62 (8th Cir. 1988), quoting *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Id.,* citing *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**Discussion**

At the hearing on May 16, 2023, Plaintiff failed to set forth any new or reasonable explanation for conduct or a failure to diligently prosecute her case which was unknown at the time of the Court's dismissal. Plaintiff's contact information with her correct address was also confirmed as entered into the Court's Electronic Case Filing system on January 10, 2023 in order for her to receive notice of the filings in this case. The Court has given Plaintiff ample opportunity to comply with the Court's scheduling orders and management of her case. Numerous Court Orders repeatedly warned her of the possibility of dismissal for her failure to comply with the Court's Orders. Further, the Court's Case Management Order (CMO) set the case management schedule for this case over a year ago on August

4

24, 2021 [Doc. No. 14]. The CMO set the jury trial for this case on March 13, 2023. The CMO also set the deadline to file dispositive motions on November 1, 2022. The Court understands there may be hurtles for a pro se Plaintiff, but she is still required to comply with the Court's Orders and the scheduling deadlines set in this case. Especially with the recent background of this case as explained above, there is no reason she should not have been aware of her obligations here. Therefore, the instant motion will be denied.

### Conclusion

Plaintiff has not provided sufficient information relative her failure to comply with the Court's Orders. "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *American Inmate Paralegal Assoc.,* 859 F.2d at 62. Nothing has materially changed since the Court dismissed this case on March 7, 2023 for Plaintiff's failure to abide by the Court's Order. Plaintiff's Motion to Reconsider will be denied, and this case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider [Doc. No. 52] is **DENIED**.

An Order of Dismissal is entered this same date.

Dated this  16th day of May, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE